UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PASSION WADE,

                Plaintiff,

v.                                                  Case No. 19-cv-1234-pp

KENOSHA COUNTY,

                Defendant.

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DKT. NO. 24)

Plaintiff Passion Wade, who is confined at the Prairie du Chien Correctional Institution,[1] filed this civil rights case under 42 U.S.C. §1983. Dkt. No. 1. The court screened the complaint and allowed the plaintiff to proceed against Kenosha County on an Eighth Amendment claim for deliberate indifference to his conditions of confinement at the Kenosha County Detention Center. Dkt. No. 10 at 10. The defendant has timely filed a motion for summary judgment on exhaustion grounds, arguing that the plaintiff failed to exhaust his administrative remedies. Dkt. No. 24.

On April 12, 2021, the court issued an order requiring the plaintiff to file his response to the defendant's motion by May 10, 2021. Dkt. No. 29. The court advised the plaintiff that if he failed to file his response by the deadline,

---

[1] The plaintiff was previously confined at the Racine Youthful Offender Correctional Facility. The Wisconsin Department of Corrections inmate locator website shows that he transferred to the Prairie du Chien Correctional Institution on June 1, 2021. See https://appsdoc.wi.gov/lop/detail.do (last visited August 31, 2021). The plaintiff did not notify the court of his transfer.

1

the court had the authority to treat the defendant's motion as unopposed, accept all facts asserted by the defendant as undisputed and decide the motion based only on the arguments in the defendant's brief, without any input from the plaintiff. Id. at 2. The May 10, 2021 deadline passed, and the plaintiff did not file a response to the defendant's motion for summary judgment.

On May 17, 2021, however, the plaintiff filed a motion for extension of time to respond to the motion for summary judgment in which he sought more time to conduct discovery and analyze the summary judgment motion. Dkt. No. 30. On May 21, 2021, the court granted the plaintiff's motion, gave him more time to conduct discovery related to the issue of exhaustion of administrative remedies and ordered the plaintiff to file his response to the defendant's motion by the end of the day on July 23, 2021. Dkt. No. 31.

The July 23, 2021 deadline has passed, and the plaintiff has not filed a response to the motion for summary judgment. The court will treat the summary judgment motion as unopposed, accept the defendant's facts as undisputed and decide the motion without a response from the plaintiff.

The plaintiff's complaint contained several allegations, including an allegation that on or about May 28, 2019, the plaintiff slipped and fell in the shower due to being restrained by a restraint belt. Dkt. No. 1 at 4. At screening, the court allowed the plaintiff to proceed on only one claim—his official capacity claim against Kenosha County that the county's policy or practice of requiring inmates in segregation to wear restraint belts while showering violated the Eighth Amendment. Dkt. No. 10 at 10. The defendant's

unopposed proposed findings of fact state that there is no record of any incident of the plaintiff falling in the shower on May 28, 2019. Dkt. No. 26 at ¶11. The plaintiff did not file any grievance or appeal relating to the incident that he says occurred on May 28, 2019. Id. at ¶19.

Kenosha County Jail records do show an incident where the plaintiff allegedly fell in the shower on May 30, 2019. Id. at ¶12. On June 30, 2019, the plaintiff submitted a grievance form regarding an incident on May 30, 2019. Id. at ¶13. In this grievance, the plaintiff complained about the ER bill being sent to him. Id. He did not complain about having to take a shower with a restraint belt. Id. In response to this grievance, the plaintiff was told to file a medical request regarding this issue. Id. at ¶14.

On August 1, 2019, the plaintiff submitted his first grievance complaining about the alleged unsafe conditions in the jail due to having to take a shower with a restraint belt. Id. at ¶15. On August 4, 2019, Cpl. Reinersman responded to the plaintiff's grievance. Id. at ¶16. In that response, Reinersman discussed the plaintiff's outdoor recreational activities and the policy in place, telling the plaintiff to contact HSU regarding medical issues. Id.

On August 5, 2019, the plaintiff submitted an appeal of the August 1, 2019 grievance. Id. at ¶17. In this appeal, the plaintiff discussed the review of his outdoor recreational activities and asserted that he should not have been restrained while showering because he did not present a danger to anyone. Id. In response to the appeal, Reinersman advised the plaintiff about the policy

3

regarding inmates housed in segregation being restrained due to safety and security reasons. Id. at ¶18.

In 2019, the Kenosha County Detention Facility had policies and procedures which allowed inmates to file grievances and appeals regarding incidents and other issues at the Kenosha County Detention Center. Id. at ¶6. The Inmate Handbook contains the procedure governing inmate grievances and appeals. Id. at ¶7. Under the grievance procedure, an inmate must present a written grievance within seven days of the occurrence. Id. at ¶8. The grievance will be reviewed and responded to within seven days. Id. The inmate has the right to appeal the response and submit the appeal to the Facility Director within 72 hours of receipt. Id. at ¶9. The time to file an appeal also is contained on the Inmate Grievance Response form. Id.

The plaintiff did not timely file a grievance or an appeal relating to an incident that may have occurred on either May 28, 2019 or May 30, 2019. Id. at ¶20.

The Prison Litigation Reform Act (PLRA) provides that an inmate cannot assert a cause of action under federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a); see also Woodford v. Ngo, 548 U.S. 81, 93 (2006) (holding that the PLRA requires proper exhaustion of administrative remedies). Exhaustion requires that an inmate comply with the rules applicable to the grievance process at the inmate's institution. Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002).

4

Because the plaintiff did not submit a grievance and appeal in accordance with the time limits under the grievance policy, he did not exhaust the grievance procedure in place at the Kenosha County Detention Center. The defendant's summary judgment motion and supporting materials show that the plaintiff failed to exhaust his available administrative remedies. The court will grant the defendant's motion and dismiss the case without prejudice. See Barnes v. Briley, 420 F.3d 673, 676 (7th Cir. 2005) (citations omitted).

The court **GRANTS** the defendant's motion for summary judgment on exhaustion grounds. Dkt. No. 24.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE**. The clerk will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty days of the entry of judgment. See Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed

within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 31st day of August, 2021.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**